IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| WESLEY DESHAWN MCCOY, TDCJ No. 1687741, | § § § § § | |
| Plaintiff, | | |
| v. | § § | Civil Action No. 7:18-cv-00061-M-BP |
| OFFICER SERGEANT M BERRERA, *et al.*, | § § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Defendants Michael Berrera, Cody Miller, and Christian Ortiz's Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 20, filed October 16, 2019. Based upon a full review of the relevant pleadings on file and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn **GRANT** Defendants' Motion to Dismiss, ECF No. 20; **DISMISS WITHOUT PREJUDICE** Plaintiff's claims against Defendants in their official capacities for lack of subject matter jurisdiction; and **DISMISS WITH PREJUDICE** Plaintiff's claims against Defendants in their individual capacities for failure to state a claim.

I.  **BACKGROUND**

Plaintiff Wesley Deshawn McCoy ("McCoy"), an inmate formerly confined in the James V. Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa Park, Texas, brings this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983 against Defendants Michael Berrera, Cody Miller, and Christian Ortiz (collectively, "Defendants"). ECF No. 9 at 2-5. Liberally

construed, McCoy alleges that Defendants retaliated against him by writing false disciplinary cases against him, placing him in administrative segregation, denying him food for an extended period, and failing to provide him with his medication. *See generally* ECF Nos. 9, 14, 16.

Specifically, McCoy claims that Defendant Berrera and Defendant Miller wrote a "bogus" disciplinary case against him by stating that he masturbated in front of a female guard. ECF Nos. 14, 16. Additionally, he states that Defendant Ortiz wrote a false case against him for threatening an officer by throwing a cup at the door. ECF No. 16 at 7-8. McCoy states that as a result of these disciplinary cases, he was downgraded to a Level Three classification. ECF No. 14, 16. Further, he alleges that Defendant Ortiz purposely does "things" to get him "amped up" and has been continually harassing him. ECF No. 16 at 8. McCoy asks the Court to award him $90,000 in compensatory damages. ECF No. 14 at 3. He also requests that he be transferred from the Allred Unit to "a place closer to home." *Id.*

McCoy filed his Original Complaint on April 30, 2018. ECF No. 1. Pursuant to the Court's order to clarify the identities of the defendants and the factual basis of his claims against each defendant, ECF No. 8, McCoy filed an Amended Complaint on May 29, 2018. ECF No. 9. To further clarify McCoy's claims, the Court sent him two questionnaires seeking additional information. ECF Nos. 13, 15. On September 16, 2019, the Court ordered Defendants to answer the Amended Complaint. ECF No. 18. Defendants filed their Motion to Dismiss, asserting that McCoy's claims did not establish the relevant elements of a retaliation claim, failed to show actual injury as required by the Prison Litigation Reform Act ("PLRA"), and were barred by qualified immunity. ECF No. 20. McCoy has not filed a response to the Motion. The Motion is now ripe for disposition.

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(1)

Rule 12(b)(1) permits a party to move for dismissal of a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). If a court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). In determining whether subject matter jurisdiction exists, a court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). "The district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lowe v. ViewPoint Bank*, 972 F. Supp. 2d 947, 953 (N.D. Tex. 2013) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). When considering a Rule 12(b)(1) motion, the court may consider evidence beyond the pleadings. *Moran v. Kingdom of Saudi*

3

*Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). A dismissal under Rule 12(b)(1) is without prejudice because it "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming*, 281 F.3d at 161.

### B. Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Rules require that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). Accordingly, a complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 557).

Particularly in cases involving section 1983 claims against public officials, the Court must not accept conclusory allegations or unwarranted deductions of fact as true because the Fifth Circuit's heightened pleading standard requires "claims of specific conduct and actions giving rise to a constitutional violation." *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Thus, the issue now before the Court "is not whether a plaintiff will ultimately prevail but whether he is entitled

4

to offer evidence to support his claims." *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996).

### C. *In Forma Pauperis* Screening Standard

A district court "shall dismiss" a case brought *in forma pauperis* "at any time if the court determines that ... the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). To aid the court in determining whether it should dismiss an in forma pauperis complaint, the Fifth Circuit has approved the use of questionnaires and evidentiary hearings. *Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985). Responses to these questionnaires and hearings become part of the pleadings. *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996). This is true even for Rule 12(b)(6) motions. *See id.* at 603 (concluding that on a Rule 12(b)(6) motion the relevant *Spears* hearing testimony remained part of the pleadings, even if superseded by an amended complaint). In accordance with these authorities, the Court has reviewed McCoy's Original Complaint, ECF No. 1, Verified Responses to the Court's Questionnaire, ECF Nos. 14, 16, and Amended Complaint, ECF No. 9.

### III. ANALYSIS

Because McCoy has not specified whether he sues Defendants in their official or individual capacities, the Court will assume that he seeks to recover from them in both capacities. Defendants move for dismissal of the Amended Complaint because: (1) McCoy fails to allege any exercise of a constitutionally protected activity that caused the alleged retaliation; (2) the PLRA bars McCoy's claim for compensatory damages; (3) Eleventh Amendment immunity bars McCoy's claims against Defendants in their official capacities; and (4) Defendants are entitled to qualified immunity to the extent that McCoy sues them in their individual capacities. The undersigned first

addresses Defendants' third and fourth arguments because they concern the Court's subject matter jurisdiction. *See Ramming*, 281 F.3d at 161.

### A. Eleventh Amendment immunity bars McCoy's claims against Defendants in their official capacities.

Under the Eleventh Amendment, states may not be sued in federal court unless they unequivocally consent to suit or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984). Eleventh Amendment immunity extends to state agencies and to state officials if the relief sought would operate against the state. *Id.* at 101.

Defendants are employees of the TDCJ, an agency of the state of Texas. Tex. Gov't Code §§ 493.001-493.002 (West 2012). Thus, they are entitled to Eleventh Amendment immunity from the claims asserted against them in their official capacities because "the state is the real, substantial party in interest." *Pennhurst*, 465 U.S. at 101; *Union Pac. R. Co. v. La. Pub. Serv. Comm'n*, 662 F.3d 336, 340 n.3 (5th Cir. 2011) (per curiam) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989))).

But there are three possible exceptions to Eleventh Amendment immunity: (1) for claims seeking injunctive or declaratory relief against a state official under *Ex Parte Young*, 209 U.S. 123 (1908); (2) a state's waiver or consent, *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 267 (1997); and (3) Congress's abrogation of the state's immunity through section five of the Fourteenth Amendment, *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 364 (2001).

*Young* permits "prospective injunctive relief to prevent a continuing violation of federal law" against state officers in their official capacities and does not allow damages or other retrospective relief. *Green v. Mansour*, 474 U.S. 64, 68 (1985). McCoy has prayed for an

injunction in the form of an order to be transferred from the Allred Unit to "a place closer to home" because he "will be torment[ed]" the longer he stays at the Allred Unit. ECF No. 14 at 3. McCoy's claim for an injunction ordering his transfer from the Allred Unit is moot. According to the docket sheet in this case and the TDCJ offender information website, McCoy now is incarcerated at TDCJ's Michael Unit in Tennessee Colony, Texas. *See*, Offender Information Details, Texas Department of Criminal Justice, https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=08074919 (last visited March 30, 2020). *See also Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (inmate's transfer to another prison rendered moot his claims for injunctive relief). As the court in *Herman* also noted, "any suggestion of relief based on the possibility of transfer back . . . is too speculative to warrant relief."

Even if McCoy's transfer claim was not moot, he would not be entitled to injunctive relief. A party seeking an injunction must establish: (1) a substantial likelihood the party will prevail on the merits; (2) a substantial threat exists that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendants; and (4) the granting of the preliminary injunction will not disserve the public interest. *Sugarbusters v. Brennan*, 177 F.3d 258, 265 (5th Cir. 1999). Relief should be granted only if the party seeking relief has clearly carried the burden of persuasion as to all four elements. *Black Fire Fighters Ass'n v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990). As will be shown below, McCoy's claims fail on the merits and would not support the issuance of an injunction.

Further, McCoy has not directed the Court to authority establishing that the state of Texas has waived immunity or consented to suit for claims alleged under 42 U.S.C. § 1983. The law is clear that Texas has not waived immunity or consented to suit under § 1983. *See, e.g., Quern v. Jordan*, 440 U.S. 332, 338 n.7 (1979) ("§ 1983 does not explicitly and by clear language indicate

7

on its face an intent to sweep away the immunity of the States. . . ."); *Baldwin v. Univ. of Tex. Med. Branch at Galveston*, 945 F. Supp. 1022, 1030 (S.D. Tex. 1996) ("Congress did not abrogate the states' Eleventh Amendment immunity by enacting 42 U.S.C. §§ 1981, 1983, and 1985."). Moreover, although state officials literally are persons, they are not considered persons for § 1983 purposes when acting in their official capacities. *Will*, 491 U.S. at 71. Thus, Defendants are not susceptible to suit in their official capacities under § 1983. Finally, McCoy has not advanced any theory or directed the Court to any authority establishing that Congress has abrogated the state of Texas' immunity. Accordingly, McCoy's claims against Defendants in their official capacities should be dismissed without prejudice for lack of subject matter jurisdiction.

### B. Defendants are entitled to qualified immunity because they did not commit a constitutional violation.

The doctrine of qualified immunity protects government officials from suit and "from liability for civil damages under § 1983 insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Once an official asserts qualified immunity, the burden shifts to the plaintiff to rebut the defense. *Hanks v. Rogers*, 853 F.3d 738, 744 (5th Cir. 2017). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

When determining whether an official can claim qualified immunity, courts engage in a two-step analysis. *Griggs v. Brewer*, 841 F.3d 308, 312 (5th Cir. 2016). "First, they assess whether a statutory or constitutional right would have been violated on the facts alleged." *Id.* "Second, they

determine whether the defendant's actions violated clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* The Fifth Circuit requires that the law "so clearly and unambiguously prohibited the violative conduct that 'every reasonable official would understand that what he is doing violates the law.'" *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (emphasis in original) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). The Supreme Court does "not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *al-Kidd*, 563 U.S. at 741.

To the extent McCoy sues Defendants in their individual capacities, Defendants argue that they are entitled to qualified immunity because he has failed to allege any constitutional violation committed by any of the Defendants. ECF No. 20 at 7. For the reasons explained below, McCoy has not alleged sufficient facts to state a plausible claim that Defendants violated any of his constitutional rights. Therefore, Defendants have satisfied the first prong and are entitled to qualified immunity. *See Pearson*, 555 U.S. 223, 236; *Collier v. Montgomery*, 569 F.3d 214, 219–20 (5th Cir. 2009) (holding that defendants were entitled to qualified immunity based only on the first prong).

### C. McCoy fails to plead facts showing that Defendants retaliated against him in violation of the Constitution.

State officials may not retaliate against an inmate for the exercise of a constitutionally protected right. *Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995); *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir. 1986). "To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008) (citing *Jones v. Greninger*, 188 F.3d 322, 324–25 (5th Cir. 1999)). "The inmate must allege more than his personal belief that he is the victim of retaliation,"

and conclusory allegations of retaliation are not sufficient to state a claim. *Jones*, 188 F.3d at 325. "To prevail on a retaliation claim, an inmate 'must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred.'" *Bibbs*, 541 F.3d at 272–73 (quoting *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995)). Causation requires a showing that "but for the retaliatory motive the complained of incident . . . would not have occurred." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (quoting *Woods*, 60 F.3d at 1166).

McCoy's claims that Defendants retaliated against him by writing false disciplinary cases, placing him in administrative segregation, denying him food for an extended time, and failing to provide him with medication are simply too conclusory and unsupported by factual allegations to support a plausible claim for relief. While each of McCoy's allegations might evidence retaliation in a particular case, McCoy fails to specifically allege when and how his exercise of a constitutionally protected right caused such alleged retaliation. He has had several opportunities to develop the factual allegations of his claim through an amended complaint and two questionnaires from the Court. Following the Fifth Circuit's direction to view retaliation claims with skepticism, *Woods*, 60 F.3d at 1166, the undersigned concludes that McCoy's subjective belief that Defendants had retaliatory motives is insufficient to support a plausible claim for relief.

Additionally, McCoy has failed to identify a specific constitutional right that he was exercising that motivated the alleged retaliatory conduct. ECF No. 20 at 2-4. Nor has he pleaded a retaliatory motive on the part of Defendants or set forth a chronology of events from which the Court may plausibly infer retaliation. There is no indication that McCoy's exercise of a constitutional right resulted in Defendants' filing false disciplinary charges against him, placing

him in administrative segregation, and denying him food and medication. Accordingly, McCoy's conclusory allegations of retaliation fail for this additional reason.

### D. McCoy is not entitled to compensatory damages under the PLRA.

The PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. §1997e(e). The application of this provision turns on the relief sought by a prisoner, and it prevents prisoners from seeking compensatory damages "for violations of federal law where no physical injury is alleged." *Mayfield v. Texas Dept. of Criminal Justice*, 529 F.3d 599, 605 (5th Cir. 2008). Because McCoy does not allege any physical injury or a sexual act as a result of the alleged retaliation, § 1997e(e) bars any recovery of compensatory damages.

### E. McCoy's claims against Defendants in their individual capacities should be dismissed with prejudice.

Normally, a *pro se* plaintiff is offered an opportunity to amend his complaint prior to dismissal. *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009). But where plaintiff has, through court-issued questionnaires, the opportunity to state his best case, then the Court may dismiss his claims with prejudice. *Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) (per curiam). Here, McCoy has amended his complaint, responded to two questionnaires, and did not respond to Defendants' Motion to Dismiss. Under these circumstances, the undersigned concludes that McCoy has stated his best case, and his claims against Defendants in their individual capacities should be dismissed with prejudice.

## IV.     CONCLUSION

After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn **GRANT** Defendants' Motion to Dismiss, ECF No. 20; **DISMISS WITHOUT PREJUDICE** McCoy's claims against Defendants in their official capacities for lack of subject matter jurisdiction; and **DISMISS WITH PREJUDICE** McCoy's claims against Defendants in their individual capacities for failure to state a claim.

A copy of this findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed March 31, 2020.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE